**Daniel T. COX, Petitioner,**

v.

**Ron ANGELONE, Director, Virginia Department of Corrections, Respondent.**

**Civil Action No. 3:97CV925.**

United States District Court,
E.D. Virginia,
Richmond Division.

March 11, 1998.

---

Maureen L. White, Grennan, Tondrowski, White & Wicker, Richmond, VA, for Petitioner.

Mary Kathleen Beatty Martin, Office of the Attorney General, Richmond, VA, for Respondent.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Respondent's motion to dismiss the petition for a writ of habeas corpus. For the reasons set forth below, the Court GRANTS the motion. Respondent has moved to dismiss on the following grounds: the petition is barred by the one year statute of limitations governing federal habeas petitions; all of Petitioner's claims are either defaulted or lack merit. Cox has responded. Jurisdiction is appropriate pursuant to 28 U.S.C. § 2254. For the reasons which follow, Petitioner's motion will be DENIED.

## SUMMARY OF THE RECORD

After a jury trial, Daniel Thomas Cox was convicted of the first degree murder of his wife, Jenny and use of a firearm in commission of murder. He was sentenced to a total of fifty-two (52) years in prison pursuant to a final judgment of the Circuit Court of Hanover County entered on October 18, 1993.

On January 5, 1996, Cox filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. In the state petition, Alvarado raised the following claims for relief:

I(A-M). Petitioner was denied reasonably effective assistance of counsel before trial, at trial, at sentencing and on direct appeal (¶¶ 31–97);

II(A–D). The prosecutor engaged in substantial misconduct during the trial (¶¶ 98–117);

III. The trial court erred in admitting inculpatory portions of the petitioner's remarks to officers at the scene while excluding exculpatory portions (¶¶ 118–120);

IV. The trial court erred in admitting the alleged prior bad acts of the petitioner (¶¶ 121–123);

V. The trial court erred in admitting evidence regarding the petitioner's invocation of his Fifth Amendment right not to make a statement (¶¶ 124–125);

VI. The trial court erred in allowing the prosecutor to engage in improper argument during closing (¶¶ 126–129);

VII. The jury had an improper basis for reaching their verdict(¶¶ 130–131);

VIII. Petitioner restates and incorporates by reference all claims made by Petitioner in post-trial motions and direct appeal in order to preserve those claims for possible later federal review (¶ 132); and

IX. Substantive innocence (¶¶ 133–134).

State Petition for a Writ of Habeas Corpus at ¶¶ 31–134. The petition was dismissed on August 8, 1997. In dismissing the petition, the Virginia Supreme Court applied the holding in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to Petitioner's allegations in I(A) through (M); the rule in *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975) (petitioner lacks standing to raise on habeas corpus claims that were not presented at trial and upon direct appeal), to petitioner's allegations II (except ¶ 108(f)), III, V (except ¶¶ 124(d), (e), and (f)), VI (except ¶ 128(f)), and VII; the rule in *Hawks v. Cox*, 211 Va. 91, 175 S.E.2d 271 (1970) (absent a change of circumstances, previous determination by either a state or federal court of a claim raised in a repetitive habeas corpus petition will be conclusive), to Petitioner's allegations found in paragraphs 108(f); 124(d), (e), and (f); and 128(f) of the petition for writ of habeas corpus. The Virginia Supreme Court further stated that it found no merit in the allegations contained in Petitioner's response to the motion to dismiss.

## GROUNDS FOR FEDERAL HABEAS CORPUS RELIEF

The present petition for a writ of habeas corpus was filed on December 10, 1997. The claims raised in Cox's federal petition are virtually identical to those raised in his state petition.

## LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effec-

tive on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. The limitation period, with certain exceptions, begins to run from " the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The AEDPA does not expressly provide an exception for cases in which the judgment of conviction became final before April 24, 1996, the effective date of the AEDPA.

Although the Fourth Circuit has not yet addressed this issue, many courts of appeals have concluded that application of the one year limitation period to petitioners whose convictions became final before the enactment of the AEDPA without first affording them a reasonable time to bring their claims would be "impermissibly retroactive," *United States v. Simmonds,* 111 F.3d 737, 745 (10th Cir.1997), *cert. denied,* 502 U.S. 840, 112 S.Ct. 129, 116 L.Ed.2d 97 (1991) (in the context of a § 2255 motion); *Reyes v. Keane,* 90 F.3d 676, 679 (2nd Cir.1996), *overruled by Lindh v. Murphy,* — U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and many of those courts have further concluded that one year from the date of enactment constitutes a "reasonable time" in which a habeas petitioner should be expected to file his habeas petition. *See e.g. Simmonds,* 111 F.3d at 745–46; *Calderon v. United States Dist. Court,* 128 F.3d 1283, 1287 (9th Cir.1997), *cert. denied,* — U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998); *Moore v. Johnson,* 101 F.3d 1069 (5th Cir.1996); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds,* — U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *see also United States v. Lopez,* 100 F.3d 113, 116–17 (10th Cir.1996) (rejecting retroactive application of parallel one-year limit for filing of federal petitions under 28 U.S.C. § 2255).

The Court agrees that the Constitution requires that petitioners whose convictions became effective before the enactment of the AEDPA be given a reasonable time to file federal habeas petitions and concludes that one year from the enactment of the AEDPA provides such a reasonable time frame. *See Lindh,* 96 F.3d at 866 (AEDPA's time limit is "short enough that the 'reasonable time' after April 24, 1996, and the one-year statutory period coalesce"); *Martin v. Jones,* 969 F.Supp. 1058, 1061 (M.D.Tenn. 1997) ("This Court sees no reason why it is preferable to make case by case determinations of reasonableness... in place of a predetermined one year period"). Furthermore, the Court concludes that fundamental fairness also requires tolling the statute of limitations for those petitioners such that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). *See Valentine v. Senkowski,* 966 F.Supp. 239 (S.D.N.Y.1997) ("It is clear both from the plain meaning of the statute and the legislative history of the Act which imposed the new standard (the Antiterrorism and Effective Death Penalty Act of 1996) that the 1–year period of limitations does not begin to run until after direct review has been completed and state post-conviction review has been exhausted.").

## TIMELINESS OF COX'S PETITION

Cox was convicted on October 18, 1993 in the Circuit Court for the County of Hanover of the murder of his wife, Jenny Cox, and use of a firearm during the commission thereof. He was sentenced to a total term of 52 years. Cox petitioned the Court of Appeals of Virginia to grant an appeal on questions regarding the sufficiency of the evidence, the admission of prior bad acts alleged to have been committed by the Petitioner and impropriety of the prosecutor's comments during closing arguments on the Petitioner's post-*Miranda* silence. An appeal was granted only on the issue of the admission of the prior bad acts. On May 9,

1995 the Court issued an unpublished opinion affirming the conviction, with the Honorable James Benton dissenting. Allowing ninety days for the filing of a petition for certiorari to the United States Supreme Court, Spencer's convictions became final on August 7, 1995. Cox filed a petition for a writ of habeas corpus in the Virginia Supreme Court on March 3, 1997, raising the same claims he has made in his petition to this Court. The state habeas court dismissed Cox's petition on August 8, 1997 and denied his request for rehearing on October 31, 1997. Cox filed his federal petition for a writ of habeas corpus in this Court on December 10, 1997. Applying the methodology of calculating the statute of limitations set forth above, Cox had a one-year grace period in which to file his federal habeas petition, which gave him until April 24, 1997. Excluding the period from March 3 to October 31, 1997 during which his state habeas petition was pending, Cox has filed his federal petition within that one-year grace period.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ The Virginia Supreme Court held that Petitioner's claims of ineffective assistance of counsel before trial, at trial, during sentencing and on direct appeal were without merit under the standard articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After carefully reviewing Cox's ineffective assistance of counsel claims, the Court concludes that the Virginia Supreme Court's holding on habeas review did not "(1) result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). Therefore, the Court will give deference to the Virginia court's holding.

## CLAIMS HELD BY STATE COURT TO BE PROCEDURALLY BARRED UNDER SLAYTON V. PARRIGAN

■ Cox has exhausted all state court remedies for each of the claims presented to

this Court. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). All of Cox's claims, with the exception of his ineffective assistance of counsel claims, were held by the Virginia Supreme Court to be procedurally barred, some under the rule of *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975), others under the rule of *Hawks v. Cox,* 211 Va. 91, 175 S.E.2d 271 (1970). Specifically, the Virginia court held that Petitioner's allegations II (except ¶ 108(f)), III, V (except ¶¶ 124(d), (e), and (f)), VI (except ¶ 128(f)), and VII were barred by the rule in *Slayton. Slayton* prevents petitioners from raising claims through habeas corpus if they did not first raise those claims in state court at trial and on direct appeal. Petitioner may not employ a writ of habeas corpus "as a substitute for an appeal or a writ of error." *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680, 682 (1974), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975).

■ *Slayton* is a well recognized bar to federal review. *See Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *Spencer v. Murray,* 18 F.3d 229, 232 (4th Cir.1994). A federal habeas petitioner is not entitled to federal review of claims which are procedurally defaulted unless "the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court of the United States has recognized at least three categories of "cause" which are sufficient to overcome a state procedural default: (1) counsel's inability to know of a legal or factual issue; (2) interference by the prosecution with the habeas petition; and (3) ineffective assistance of counsel. *See Murray v. Carrier,* 477 U.S. 478 (1986). In addition, a federal court may grant habeas relief in the "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent

of the crime." *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

■ As cause for his procedural defaults, Cox asserts that his trial and appellate counsel were ineffective. Ineffective assistance of counsel can serve as cause for a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, an action or omission by a defendant's lawyer constitutes "cause" for a procedural default only if it rises to the level of constitutionally ineffective assistance of counsel. *See Murray v. Carrier,* 477 U.S. 478 (1986). As the Court has already concluded that Cox's counsel at trial and on direct appeal were not constitutionally ineffective, there is no "cause" to excuse the procedural defaults under *Slayton.*

## CLAIMS HELD BY STATE COURT TO BE PROCEDURALLY BARRED UNDER HAWKS V. COX

■ The Virginia Supreme Court held that Petitioner's allegations found in paragraphs 108(f); 124(d), (e), and (f); and 128(f) of the state petition for writ of habeas corpus were barred under the rule in *Hawks v. Cox,* 211 Va. 91, 175 S.E.2d 271 (1970). *Hawks* provides that absent a change of circumstances, a previous determination by either a state or federal court of a claim raised in a repetitive habeas corpus petition will be conclusive. "*Hawks,* however, is not a true procedural default rule; rather, it is more in the nature of a collateral estoppel rule. *Hawks* cannot prevent federal habeas review of federal constitutional claims properly raised on direct appeal." *Turner v. Williams,* 35 F.3d 872, 890 (4th Cir.1994) (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)), *overruled on other grounds, O'Dell v. Netherland,* 95 F.3d 1214 (4th Cir.1996). Therefore, the Court must determine whether Cox raised on direct appeal the aforementioned claims held by the state habeas court to be barred under *Hawks.*

The claims held by the Virginia Supreme Court to be procedurally barred under *Hawks,* quoted verbatim from Cox's state habeas petition, are as follows:

¶ 108(f): Cox was denied due process of law and a fair trial because the prosecutor, during closing, misstated facts of record and alleged the existence of facts never put into evidence. For example but without limitation the prosecutor, during closing arguments, stated: ... (f) That Cox never told anyone the shooting was accidental until months after the fact which was both untrue and a comment on his invocation of the right to remain silent an not present evidence at trial ...

¶¶ 124(d), (e), and (f):

The trial court erred in allowing the admission of Cox's two invocations of the right to remain silent prior to trial and during trial. For example, but without limitation the trial court allowed the following at trial ...

(d) The prosecutor's comment on Cox's invocation of his right to remain silent. The prosecutor argued, "The investigator says we want to know what happened and the defendant, who's got a perfect defense, accident says I want to talk to my father first;" (App 212–213)

(e) The prosecutor's comment on the defendant's failure to present evidence in his argument that the defendant, by implication, did not tell his father and brother that it was an accident until two months after the fact, because they never so testified and the defense expert did not examine the scene until six weeks after the shooting. (App. 212).

(f) The prosecutor's statement that Cox never told the police it was an accident; (T 212)

¶ 128(f): The trial court allowed the prosecutor to argue facts not in, and not supported by, the evidence. Said misstatements included, but were not limited to the following: ... (f) That Cox never told anyone the shooting was accidental until months after the fact which was both untrue and a comment on his invocation of the right to remain silent and not present evidence at trial...

A more general version of the claims presented in Cox's state habeas petition at paragraphs 124(d), (e), and (f); and 128(f) were raised in Cox's direct appeal of his conviction, and will therefore be reviewed by this Court. Cox's claim in paragraph 108(f) was not raised on direct appeal and will therefore not be reviewed by the Court. The Court's review, however, is limited, as it may not grant relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). On direct appeal, the Virginia court adjudicated on the merits Cox's claims in paragraphs 124(d), (e), and (f); and 128(f) of his state habeas petition. As none of the statutory exceptions apply, the Court will not grant relief in this matter. If the Court were to review the claim raised in paragraph 108(f) quoted above on the merits, it would reach the same conclusion.

### CLAIMS VIII AND IX

■ The Court rejects claim VIII of Cox's federal habeas petition. Cox may not simply incorporate by reference all claims previously asserted. *See Mallory v. Smith,* 27 F.3d 991, 995 (4th Cir.), *cert. denied,* 513 U.S. 1047, 115 S.Ct. 644, 130 L.Ed.2d 549 (1994). A petitioner must raise both the "operative facts" and "controlling legal principles" to the state court, and the same factual grounds and legal theories must be raised in state and federal court. *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997), *cert. denied sub nom, Matthews v. Moore,* —— U.S. ——, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997). The Court also rejects Cox's claim of innocence contained in claim IX. Cox was found guilty after a jury trial, and his conviction was affirmed by the state appellate courts. Cox has made nothing more than a conclusory statement that he is innocent, and the Court finds no reason to upset the jury's verdict. *See Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Spencer v. Murray,* 5 F.3d 758, 765 (4th Cir.1993), *cert. denied,* 510 U.S. 1171, 114 S.Ct. 1208, 127 L.Ed.2d 555 (1994).

### CONCLUSION

Respondent's motion to dismiss will be GRANTED. Cox's claims will be DISMISSED; The petition for a writ of habeas corpus will be DENIED. This action will be DISMISSED.