William DAVIS, Petitioner,

v.

John P. KEANE, Superintendent,
Woodbourne Correctional
Facility, Respondent.

No. 97 Civ. 8328(LAK).

United States District Court,
S.D. New York.

June 26, 1998.

William Davis, petitioner pro se.

Lisa E. Mudd, Assistant District Attorney,
Robert T. Johnson, District Attorney of
Bronx County, New York City, NY, for respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

William Davis petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court undertook an initial review of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases in the United States Courts, including a review as to the timeliness of the petition, and directed the respondent to file an Answer by March 23, 1998. On May 5, 1998, the respondent moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the petition as untimely under the Antiterrorism and Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), as amended April 24, 1996. For the reasons set forth below, respondent's motion is denied.

### Background

■ Petitioner was convicted in New York Supreme Court, Bronx County, on September 14, 1990 of rape in the first degree. The Appellate Division affirmed petitioner's conviction on direct appeal on December 12, 1992,[1] and petitioner's application for leave to appeal was denied on June 9, 1993.[2] Petitioner subsequently made two motions collaterally attacking his conviction. First, he applied to the Appellate Division, First Department on August 29, 1994 for a writ of error coram nobis, which was denied on December 29, 1994.[3] Second, in or about June 1996, petitioner moved in the Supreme

---

1. *People v. Davis,* 188 A.D.2d 436, 592 N.Y.S.2d 588 (1st Dept.1992).

2. *People v. Davis,* 81 N.Y.2d 1071, 601 N.Y.S.2d 591 (1993) (table).

3. *People v. Davis,* 210 A.D.2d 1012, 621 N.Y.S.2d 855 (1st Dept.1994).

Court, Bronx County, to vacate his sentence pursuant to N.Y.CRIM.PROC. § 440.10. The Supreme Court denied petitioner's motion on December 12, 1996. At an unspecified time thereafter, petitioner applied for leave to appeal the denial of his CPL § 440.10 motion. This application likewise was rejected on June 24, 1997. Less than one month later, on July 11, 1997, petitioner filed the instant petition.[4]

### Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended, establishes a "1–year period of limitation" for an application for a writ of habeas corpus "by a person in custody pursuant to the judgment of a state court."[5] Where, as here, a petitioner's conviction became final prior to the enactment of the AEDPA, the petitioner has a "reasonable time" after April 24, 1996 in which to file his or her habeas petition, although not a full year from that date.[6] The statute, moreover, tolls this "reasonable time" during those periods when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[7]

In this case, petitioner's conviction became final in September 1993,[8] prior to the enactment of AEDPA. He therefore had a "reasonable time" after April 24, 1996 in which to file a habeas petition in this Court. Petitioner did not file his habeas petition until July 11, 1997, more than one year after April 24, 1996. At first blush then the petition appears untimely. But shortly after April 24, 1996, petitioner properly filed an application for post-conviction relief which falls squarely within Section 2244(d)(2) and thus tolled the limitations period for the time during which it was "pending."[9] Whether the petition is timely thus turns on the length of time the CPL § 440.10 motion was "pending."

■ The statute itself, Section 2244(d)(2), does not define the term "pending." Nor does it delineate whether "pending" refers only until such time as the application is initially disposed of or instead runs until the petitioner has had an opportunity to appeal the denial of such post-conviction relief.[10] Thus, the statute is ambiguous as to whether the tolling runs to the date such a state post-conviction motion is first denied, to the date when the time for appealing denial of such a motion expires, or to the date upon which an appeal of the postconviction or collateral relief is finally decided upon by the state courts.

This Court finds that the plain language of Section 2244(d)(2) as well as basic policies underlying federal habeas review of state convictions both support excluding time from the date that the application for state collateral review or post-conviction relief is properly filed until such time as the application is finally decided, including time while an ap-

---

**4.** Because petitioner is acting *pro se,* the petition is deemed to have been filed on the date that it was delivered to prison authorities for filing with the court. *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In the absence of any evidence to the contrary, the Court assumes that petitioner submitted his petition to the prison authorities on or shortly after the day it is dated, July 11, 1997.

**5.** 28 U.S.C. § 2244(d)(1).

**6.** *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir. 1997).

**7.** 28 U.S.C. § 2244(d)(2); *see, e.g., Rondon v. Artuz,* No. 97 Civ. 6904(SHS), 1998 WL 182424, at *2 n. 2 (S.D.N.Y. Apr.17, 1998) (finding that an application for state post-conviction relief tolls the "reasonable period" after April 24, 1996 set forth in *Peterson v. Demskie* ).

**8.** Under 28 U.S.C. § 2244(d)(1)(A), the limitation period runs from the date on which expiration

for seeking direct review expires. In this case, the petitioner had 90 days from the date his application for leave to appeal to the New York Court of Appeals was denied in which to seek appeal to the United States Supreme Court. *See* Rule 13 of the Rules of the Supreme Court of the United States.

**9.** *See Rondon v. Artuz,* 1998 WL 182424, at *2 (S.D.N.Y. Apr.17, 1998); *Figueroa v. Kelly,* No. 97 CV 3394(RR), 1997 WL 833448, at *4 (E.D.N.Y. Dec.19, 1997); *Samuels v. Artuz,* No. CV–97–2928 (CPS), 1997 WL 803772, at *2 (E.D.N.Y. Dec.5, 1997).

**10.** *Compare* 28 U.S.C. § 2244(d)(1) (explicitly delaying accrual of time period until after conclusion of efforts to obtain direct review), *with id.* § 2244(d)(2) (no reference to pendency of effort to appeal denial of post-conviction motion).

peal of the application is pending. A common sense interpretation of the word "pending" is that it encompasses the pendency of both the initial filing for state collateral review as well as the appeal of the denial of any such application. Moreover, two of the overriding policy goals of limitations on the availability of federal habeas relief—the encouragement of state court exhaustion [11] and the discouragement of successive petitions [12] —also support excluding time until state collateral review is decided finally upon appeal. Were time to be excluded only until the initial state court passed on the merits of the collateral attack, then a petitioner would be forced to file a federal habeas petition to stop the clock under AEDPA even while he or she appealed the state court's decision. Because the petition would contain the unexhausted claim pending before the state appeals court, however, the federal court would be required to dismiss the petition.[13] Although the petitioner could file the petition again after the state appeals court had acted finally upon the application for post-conviction relief,[14] this would run counter to the AEDPA's goal of discouraging successive petitions. The Court therefore is unwilling to impute to Section 2244(d)(2) a definition of "pending"—that such proceeding is "pending" only until the initial state court action on the collateral attack—that both would discourage petitioners from first exhausting that state court remedy and encourage them to file successive petitions. Consequently, the Court holds that the term "pending" in Section 2244(d)(2) encompasses final state court review of any application for post-conviction relief.

As the Court holds that time is excluded under Section 2244(d)(2) during the pendency of an appeal of an application for state collateral review, this petition clearly is timely. Petitioner filed his CPL § 440.10 motion less than two months after the enactment of AEDPA. The decision denying leave to appeal the denial of that motion was not rendered until June 24, 1997. This petition was filed only seventeen days later. A delay of two months and seventeen days is not unreasonable.[15]

*Conclusion*

Respondent's motion to dismiss the petition as untimely is denied. Respondent is directed to answer the petition within (14) days of the date of this Order.

SO ORDERED.

---

**11.** *See Jones v. Vacco,* 126 F.3d 408, 413 (2d Cir.1997).

**12.** *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

**13.** *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

**14.** *See Camarano v. Irvin,* 98 F.3d 44 (2d Cir. 1996) (holding that petition filed after an earlier petition had been dismissed for failure to exhaust state court remedies is not "second or successive habeas corpus application" within meaning of AEDPA).

**15.** *See Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997) (holding 72 day delay after the enactment of AEDPA before the filing of habeas petition "reasonable" and thus regarding the petition timely filed).