Carlton D. **ELLIS, Petitioner,**

v.

**Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.**

Civil Action No. 3:97–CV–1679–D.

United States District Court,
N.D. Texas,
Dallas Division.

July 10, 1998.

Carlton D. Ellis, Dayton, TX, pro se.

Kristina W. Silcocks, Asst. Atty. Gen., Austin, TX, for Respondent.

FITZWATER, District Judge.

This petition for a writ of habeas corpus presents a question concerning the proper interpretation of 28 U.S.C. § 2244(d)(2), which tolls the AEDPA * one-year limitations period on habeas petitions during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Absent relevant Fifth Circuit authority, Judge Stickney recommends that the court follow the decision of the Third Circuit in *Lovasz v. Vaughn,* 134 F.3d 146 (3d Cir.1998), and hold that " 'a properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Id.* at 148. The State objects to the recommendation, contending that because petitioner's second habeas petition was dismissed for abuse of the writ, it was not "properly filed" and consequently did not toll the AEDPA limitations period. The court agrees with the Third Circuit's interpretation of § 2244(d)(2), and therefore

* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996).

adopts Judge Stickney's recommendation in this respect.

Following an independent review of the pleadings, files, and records in this case, and Judge Stickney's findings, conclusions, and recommendation, the court concludes that the findings and conclusions are correct, both with respect to the AEDPA limitations question and to the issue of the state procedural default. It is therefore ordered that Judge Stickney's findings, conclusions, and recommendation are adopted, and this petition is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

STICKNEY, United States Magistrate Judge.

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

#### FINDINGS AND CONCLUSIONS

Petitioner, Carlton D. Ellis, is a state inmate in the custody of the Texas Department of Criminal Justice, Institutional Division (TDCJ–ID). Respondent is Gary Johnson, Director of TDCJ–ID. Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Pursuant to a plea bargain, Petitioner pled guilty to indecency with a child, and he was sentenced to twenty-five years' confinement. *State v. Ellis,* No. F–94–01951–MI (Criminal District Court No. 2 of Dallas County, Texas November 16, 1994).

Petitioner did not appeal, but he has challenged his conviction in two state habeas corpus applications. Petitioner's first application was denied without written order on the findings of the trial court. *Ex parte Ellis,* No. 29,592–01 at cover (Tex.Crim.App. October 11, 1995). The second state application, filed July 10, 1996, was dismissed for abuse of the writ pursuant to TEX.CODE CRIMPROC. art. 11.07 § 4; *Ex parte Ellis,* No. 29,592–02 (Tex.Crim.App. April 9, 1997).

Petitioner's claims for relief are as follows:

(1) The prosecutor's re-indictment of petitioner was vindictive and denied petitioner the right to due process under the 5th and 14th amendments of the U.S. Constitution.

(2) He was denied effective assistance of counsel by his counsel's failure to:

 (a) investigate petitioner's case;

 (b) object to the State's re-indictment of petitioner;

 (c) keep petitioner informed about his case; and

 (d) seek out potential witnesses.

(3) His guilty plea was not knowingly and voluntarily entered.

Petitioner has exhausted his state court remedies. Respondent has filed a motion to dismiss for Petitioner's failure to comply with the one-year statute of limitations. The motion contains an alternative answer with a supporting brief. Petitioner filed a reply.

### A. THE STATUTE OF LIMITATIONS

Respondent urges dismissal of this proceeding for Petitioner's failure to comply with the applicable statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides:

(d)(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1) (West Supp.1997).

The terms of 28 U.S.C.A. § 2244(d)(2) provide:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2) (West Supp.1997).

■ Respondent contends that the limitation period should not be tolled during the time Petitioner's second application for state habeas corpus relief was pending. Respondent urges that because the second state application was dismissed for abuse of the writ, it was not "properly filed." Respondent cites no authority to guide the court in deciding when a petition is "properly filed" for purposes of § 2244(d)(2). The Fifth Circuit Court of Appeals has not decided this issue, but the Third Circuit Court of Appeals has held that a "properly filed" habeas corpus application is one which is permissible under state law, i.e., one which is submitted in accordance with the state's procedural requirements, such as the rules governing the time and place of filing. *See Lovasz v. Vaughn*, 134 F.3d 146, 147 (3d Cir.1998). *But see Valentine v. Senkowski*, 966 F.Supp. 239, 241 (S.D.N.Y.1997). Texas sets no limits on the number of applications for writ of habeas corpus which may be filed. See TEX. CODE CRIM.PROC. art. 11.07. State law does not prohibit relief in subsequent habeas applications. The Court finds that Petitioner's second state application was properly filed for purposes of the tolling provision even though it was later dismissed for his failure to include all of his claims in his first application.

Petitioner's conviction became final on December 16, 1994, thirty days after he was convicted and failed to lodge an appeal. TEX. R.APP.PROC.RULE (b)(1) (1994). For a prisoner whose conviction became final before the limitation-period's enactment, a one-year grace period, commencing April 24, 1996, is allowed during which he may file his claim. *United States v. Flores*, 135 F.3d 1000, 1004–05 (5th Cir.1998). *See also Calderon v. United States District Court*, 112 F.3d 386, 389–90 (9th Cir.1997); *United States v. Simmonds*, 111 F.3d 737, 745–46 (10th Cir.1997); *Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997) (reasonable time allowed); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Petitioner filed his second state application for habeas corpus on July 10, 1996. Petitioner's state habeas corpus proceeding tolled the limitation period pursuant to 28 U.S.C. § 2244(d)(2) from July 10, 1996, when he filed his application, until April 9, 1997, when the Texas Court of Criminal Appeals dismissed his state habeas application for abuse of the writ. Hence over nine months of the limitation period remained after the state habeas corpus application was dismissed. Petitioner filed this petition for habeas corpus relief on July 14, 1997—well within the remaining nine-month period. Respondent's motion to dismiss Petitioner's claims as time barred should be denied.

## B. STATE PROCEDURAL DEFAULT

■ Respondent contends that Petitioner's claims are procedurally barred. Petitioner pled guilty to indecency with a child, and received a twenty-five year sentence in accordance with a plea bargain. He contends in his federal petition that (1) the prosecutor's re-indictment of him was vindictive and a violation of due process; (2) he was denied effective assistance of counsel, and (3) his guilty plea was not knowingly and voluntarily entered. Petitioner raised the same claims in his second state habeas corpus application; the Texas Court of Criminal Appeals dismissed the application for abuse of the writ. *See Ex parte Ellis*, No. 29592–02 at cover (Tex.Crim.App. April 9, 1997).

■ Federal habeas review of a claim is procedurally barred if the last state court to

consider the claim expressly and unambiguously based its denial of·relief on a state procedural default. *See Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Amos v. Scott,* 61 F.3d 333, 338 (5th Cir.), *cert. denied,* 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). In this case, the trial court expressly found that Petitioner's claims were barred as an abuse of the writ. The procedural bar will not be considered adequate unless it is applied regularly or strictly to the great majority of similar claims. *Id.* The Texas Court of Criminal Appeals applies its abuse-of-the-writ doctrine regularly and strictly. *Emery v. Johnson,* 139 F.3d 191, 200 (5th Cir.1997); *Fearance v. Scott,* 56 F.3d 633, 642 (5th Cir.) (per curiam), *cert. denied,* 515 U.S. 1153, 115 S.Ct. 2603, 132 L.Ed.2d 847 (1995). If a state court explicitly relies on a procedural bar, as it has in this case, a state inmate normally may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice. *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986). In general, to show cause, a petitioner must demonstrate that an objective factor, external to the defense, impeded his efforts to comply with the State's procedural rule. *Id.* at 488, 106 S.Ct. at 2645. Petitioner alleges that he did not include all of his claims in his first state habeas corpus application because he was attempting to acquire records and legal documentation of his claims. A state's delay in furnishing an inmate with a transcript of his plea and sentencing proceeding does not constitute cause for the inmate's failure to comply with an independent and adequate state procedural rule. *Glover v. Cain,* 128 F.3d 900, 903 (5th Cir.1997), *pet. for cert. filed Jan. 12, 1998.* Moreover, Petitioner admits that he was able to file his successive state application for habeas corpus without the records. Petitioner has not shown cause for his default. If a petitioner fails to show cause for his procedural default, the court need not address the prejudice prong of the test. *See Engle v. Isaac,* 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 1575 n. 43, 71 L.Ed.2d 783 (1982). Petitioner may nonetheless be entitled to habeas relief if he can show that imposition of the procedural bar would constitute a miscarriage of justice. *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Petitioner contends that he should not have been re-indicted for the same offense after the original indictment was dismissed. He pled guilty to the second indictment. The record does not support a finding that Petitioner was actually innocent of the offense of indecency with a child. Accordingly, it does not appear that a miscarriage of justice will result from application of the state procedural bar, and the petition for habeas corpus relief should be denied.

## RECOMMENDATION

Respondent's motion to dismiss the petition as barred by the statute of limitations should be **DENIED**. Ellis' petition for habeas corpus relief should be **DENIED**. A certificate of appealability should be **DENIED.**
May 26, 1998.