Emery Anthony BRADLEY, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 3:98–CV–405–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 24, 1999.

Emery Anthony Bradley, petitioner pro se.

Kenneth Bell, Asst. U.S. Atty., for respondent.

### ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Petitioner's Motion under Rule 60(b) [document no. 4, filed March 22, 1999].

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following federal grand jury indictments, Petitioner pled guilty to various firearms violations and drug and money laundering offenses and was sentenced by this Court on December 8, 1992. *United States v. Bradley*, Nos. C–CR–91–34–1; 3:91–CR–49–5 (W.D.N.C.).

On April 23, 1997, Petitioner filed a "Complaint for declaratory judgment" pursuant to 28 U.S.C. § 2255. On May 9, 1997, the Court denied and dismissed Petitioner's action, noting that the crux of his complaint was more in the nature of a prisoner civil rights action pursuant to 42 U.S.C. § 1983. *Bradley v. United States*, No. 3:97–CV–215–P, slip op. at 1 (W.D.N.C. May 9, 1997). The Court instructed Petitioner that he could re-file his complaint under § 1983 and also advised Petitioner of the filing fee. *Id.* Petitioner appealed the judgment to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal on January 22, 1998. *Bradley v. United States*, No. 97–6890 (4th Cir. Jan. 22, 1998).

On September 11, 1998, Petitioner filed a second motion under § 2255, asserting a laundry list of constitutional violations relating to his sentence. On March 5, 1999, the Court denied and dismissed Petitioner's motion because it was an unauthorized "second or successive" motion attacking his sentence and, furthermore, because such motion was time barred. *Bradley v. United States*, No. 3:98–CV–405–P, slip op. at 2 (W.D.N.C. Mar. 5, 1999).

On March 22, 1999, Petitioner filed the instant motion under Rule 60(b) of the Federal Rules of Civil Procedure, requesting relief from the Court's Order and Judgment dated March 5, 1999. Petitioner asserts that the Court based its decision on an erroneous interpretation of law.

### II. DISCUSSION AND ANALYSIS

■ A Rule 60(b) motion requesting relief from judgment "shall be made within a reasonable time, and ... not more than one year." Fed.R.Civ.P. 60(b). The "rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal." *Freschi v. Grand Coal Venture*, 103 F.R.D. 606, 608 (S.D.N.Y.1984) (citing *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir.1964); *Fackelman v. Bell*, 564 F.2d 734 (5th Cir.1977)). Thus, a reasonable time for filing a Rule 60(b) motion should not exceed that allowed for an appeal. *In re Texlon Corp.*, 596 F.2d 1092, 1100 (2d Cir.1979). Here, Petitioner's motion for relief was timely because it was filed within the time to file a notice of appeal.

■ Notwithstanding the timeliness of Petitioner's motion, Rule 60(b) provides for extraordinary relief and is only to be invoked upon a showing of exceptional circumstances. *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir.1990). As a threshold condition to any relief under the Rule,

Petitioner must assume the burden of showing a meritorious defense or claim. *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir.1979) (citations omitted).

In the case at bar, the Court entered judgment against Petitioner because his § 2255 motion was an unauthorized "second or successive motion" attacking his sentence and also because his motion was time barred. While ignoring the issue of whether his second § 2255 motion was unauthorized, Petitioner's only claim for relief is that his motion was timely filed. Specifically, Petitioner asserts that the one-year statute of limitations in § 2255 is an inapplicable, non-retroactive provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996).

■ The AEDPA, which became effective on April 24, 1996, amended § 2255 to limit the time for filing a motion attacking a sentence to one year from the date the judgment of conviction becomes final. 28 U.S.C. § 2255 (amended 1996). While the time limitation provision of the AEDPA does not expressly provide an exception for cases in which a conviction became final before April 24, 1996, courts have concluded that, in such cases, one year from the AEDPA's date of enactment, i.e. April 24, 1997, constituted a "reasonable time" for a habeas petitioner to have filed his petition. *Cox v. Angelone*, 997 F.Supp. 740, 743 (E.D.Va.1998) (citations omitted).

Petitioner filed his first § 2255 motion on April 23, 1997—one day before this judicially construed deadline expired. Upon consideration of the motion, the Court denied and dismissed it, and the Fourth Circuit affirmed. On September 11, 1998—long after the judicially construed deadline had passed—Petitioner filed a second motion under § 2255. Assuming arguendo that this motion were not a "second or successive motion" requiring certification from the Fourth Circuit, the motion still would be time barred under the reasoning of *Cox, supra,* and the cases cited therein. Consequently, Petitioner

lacks a meritorious claim and has not satisfied the threshold condition for relief under Rule 60(b).

■ Even if Petitioner satisfied this threshold condition, he still must proceed to satisfy one or more of the rule's six grounds for relief from judgment, which include mistake, inadvertence, excusable neglect, newly discovered evidence, etc. Fed.R.Civ.P. 60(b). Here, Petitioner argues that the Court committed legal error. Rule 60(b), however, does not authorize a motion merely for reconsideration of a legal issue. *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir.1995) (citing *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)). Thus, even if Petitioner satisfied the threshold condition, he still lacks a proper grounds for relief under Rule 60(b).

## III. CONCLUSION

Petitioner has not shown that he is entitled to the extraordinary relief provided by Rule 60(b). He cannot satisfy the threshold condition to any relief under the rule because he lacks a meritorious claim or defense. Furthermore, Rule 60(b) does not authorize relief on grounds of mistake of law, which is the basis for relief asserted by Petitioner. Therefore, his motion must be denied.

**NOW, THEREFORE, IT IS ORDERED** that Petitioner's Motion for Relief from Judgment [document no. 4] be, and hereby is, **DENIED.**

The Clerk is directed to certify copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.