The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Michael Keith TIVIS,
Defendant-Appellant.

No. 84CA1404.

Colorado Court of Appeals,
Div. III.

May 1, 1986.

Rehearing Denied June 12, 1986.

Certiorari Denied (Tivis) Oct. 14, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Seth J. Benezra, Lynda H. Knowles, Deputy State Public Defenders, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Michael Keith Tivis, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of

first degree sexual assault, second degree burglary, and robbery. We affirm.

On the morning of August 25, 1983, after walking her oldest son to kindergarten, the victim entered her Colorado Springs home and found a man in her living room. She asked him to leave but he refused. She screamed; he hit her with his fist and choked her until she obeyed his order to be quiet. Thereafter, she was sexually assaulted. After the assault, which had lasted about one-half hour, the man took twenty dollars from the victim's purse, tore the telephone from the wall, and fled.

After defendant was arrested and ·charged with second degree burglary, first degree sexual assault, and robbery, a hearing was held on his motion to suppress identification. The testimony at the hearing established that the victim had inadvertently seen a picture of defendant while the detective in charge was leafing through his working file in her presence. She subsequently picked out the same picture in a properly conducted photographic line-up. The trial court granted defendant's motion to suppress with regard to the out-of-court identification but concluded that the victim would be allowed to make an in-court identification.

At the sentencing hearing, the trial court found that the evidence was sufficiently extraordinary to merit punishment beyond the presumptive range. The trial court also found that the evidence supporting conviction upon these three separate charges could not be characterized as identical and, therefore, elected to impose consecutive sentences.

## I.

Defendant first contends that the trial court erred when it denied his motion to suppress the victim's in-court identification of him. We find no error.

■ Due process of law is denied when an in-court identification is based on an out-of-court identification which is so unnecessarily suggestive as to render the in-court identification unreliable. *People v.*

*Madonna,* 651 P.2d 378 (Colo.1982). However, an in-court identification is admissible if the prosecution proves by clear and convincing evidence that the in-court identification is not the product of the unconstitutional out-of-court identification but, rather, is based on independent recognition. *People v. Madonna, supra.* Factors used to evaluate the independent source of the identification include: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *see also Alvarez v. People,* 653 P.2d 1127 (1982).

■ Here, the victim was absolutely certain of her identification of defendant, gave a reasonably accurate description of him, viewed the defendant at close range for at least thirty minutes, and initially picked out his photograph from across a desk without any indication that the man pictured was involved in the crime. She testified at the suppression hearing that: "There was no way I would ever forget that face." She testified at trial that her identification of defendant was based on her observations of him during the thirty minutes he was present in her home.

Under the circumstances, the trial court's finding that the in-court identification was based on an independent source is supported by clear and convincing evidence. Therefore, it correctly ruled that the victim's in-court identification of defendant was admissible.

## II.

Defendant also asserts that the trial court erred when it imposed consecutive sentences for the burglary and sexual assault convictions because each offense occurred during a single criminal episode and each conviction was supported by identical evidence. We reject that contention.

■ Imposition of consecutive sentences is within the discretion of the trial court. If, however, the charged offenses arose from the same criminal episode and are supported by identical evidence, the trial court is required to impose concurrent sentences. § 18–1–408(3), C.R.S. (1985 Cum. Supp.); *People v. Montgomery,* 669 P.2d 1387 (Colo.1983); *People v. Maestas,* 701 P.2d 109 (Colo.App.1985).

■ Defendant relies on *Maynes v. People,* 169 Colo. 186, 454 P.2d 797 (1969), where our supreme court reversed consecutive sentences imposed after Maynes' convictions of burglary and larceny. There, the court reasoned that the prosecution was required to demonstrate that the defendant had an intent to commit larceny at the time of the breaking and entering in order to prove the burglary charge. Since evidence of the larceny was used to prove both the larceny and the burglary charges, the imposition of consecutive sentences was improper.

We reject defendant's contention for several reasons. First, *Maynes v. People, supra,* has been specifically limited to situations involving burglary and larceny. *People v. Sharpe,* 183 Colo. 64, 514 P.2d 1138 (1973); *DeBose v. People,* 175 Colo. 356; 488 P.2d 69 (1971). Second, the evidence needed for a burglary conviction is not the same as that required for a conviction of sexual assault. Burglary requires evidence of illegal entry by the accused plus evidence showing he intended to commit a crime at the time of entry. *See* § 18–4–203, C.R.S. (1978 Repl.Vol. 8). Sexual assault requires evidence of the acts constituting the assault plus evidence showing the accused had the wrongful intent at the time those acts were committed. *See* § 18–3–402, C.R.S. (1985 Cum.Supp.). Thus, these crimes are separate and distinct. The statutory elements are different, as are the requirements of proof. Even though the offenses arose out of the same criminal episode, they are separately punishable and as such the trial court did not abuse its discretion in imposing consecutive sentences.

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.