**Curtis J. TALLEY, Plaintiff–Appellant,**

v.

**Warren T. DIESSLIN, as Warden—Department of Corrections, Defendant–Appellee.**

No. 94CA0570.

Colorado Court of Appeals, Div. V.

June 15, 1995.

Rehearing Denied July 13, 1995.

Certiorari Denied Jan. 16, 1996.

Curtis J. Talley, pro se.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Joseph Haughain, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge RULAND.

Plaintiff, Curtis J. Talley, appeals the judgment of the district court dismissing his complaint against defendant, Warren T. Diesslin, Department of Corrections Warden, for lack of jurisdiction. We affirm.

Plaintiff is an inmate at a correctional facility. He was convicted of rape in a disciplinary proceeding conducted pursuant to the Code of Penal Discipline. Defendant affirmed the disciplinary finding on review.

More than 30 days after defendant's ruling, the clerk of the district court received plaintiff's complaint seeking review of defendant's decision under C.R.C.P. 106(a)(4). Defendant moved to dismiss the complaint for lack of jurisdiction on the ground that plaintiff's complaint was not timely filed.

In response, plaintiff submitted a mailing log from the correctional facility that indicated he had delivered his complaint to prison officials for mailing on the thirtieth day following defendant's decision.

The district court granted the motion to dismiss. Plaintiff filed a motion for reconsideration, arguing that his complaint should be deemed "filed" under C.R.C.P. 106(a)(4) on the date he delivered the pleading to prison officials for mailing to the district court.

The district court denied plaintiff's motion. The court reasoned that plaintiff's complaint was untimely even if a filing occurred when the pleading was delivered to the prison officials because the pleading was not delivered until after close of business on the thirtieth day.

C.R.C.P. 106(b) provides that a complaint seeking review of a quasi-judicial action under C.R.C.P. 106(a)(4) must be filed in the district court not later than 30 days after the final decision is made in the administrative review process. A prison disciplinary hearing is a quasi-judicial action which may be reviewed under C.R.C.P. 106(a)(4). *Kodama v. Johnson,* 786 P.2d 417 (Colo.1990).

The 30–day filing requirement contained in C.R.C.P. 106(b) is jurisdictional, and thus, a complaint to review the actions of a "lower judicial body" will be dismissed if it is not filed within 30 days after final action

by that tribunal. *See Danielson v. Zoning Board of Adjustment,* 807 P.2d 541 (Colo. 1990); *Tri–State Generation & Transmission Co. v. Thornton,* 647 P.2d 670 (Colo. 1982).

Nevertheless, plaintiff contends that the trial court erred in ruling that his complaint was not timely filed. Relying upon *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), plaintiff argues that his complaint should be considered "filed" under C.R.C.P. 106(a)(4) when it was delivered to the correctional facility on the thirtieth day. He further contends that the complaint was timely filed with the prison officials pursuant to C.R.C.P. 77(a) because the courts are deemed to be always open for the purpose of filing any pleading. We are not persuaded by this contention.

In *Houston v. Lack, supra,* the Supreme Court addressed the filing requirement under Fed.R.App.P. 4(a)(1) for a notice of appeal to review the decision of the district court dismissing a prisoner's writ of habeas corpus. The notice was received by prison officials three days prior to the filing deadline in the court of appeals. However, the prisoner lacked the required funds to have the notice mailed by air mail. The notice was received in the district court on the thirty-first day.

A divided court held that the term "filed in the district court" under the pertinent federal rule was subject to interpretation and that the rule should be construed to include delivery of the notice to prison officials. The court noted, among other things, the unique circumstances confronting prisoners who seek to appeal a district court decision without the aid of counsel and without the ability to control when pleadings are mailed from a prison as well as the prisoner's inability to file a notice in person with the clerk to ensure compliance with time deadlines.

We recognize that a prisoner seeking review of a decision pursuant to C.R.C.P. 106(a)(4) *pro se* may face the same difficulties noted by the *Houston* court. However, the authority to adopt rules relative to review of decisions pursuant to C.R.C.P. 106(a)(4) is the sole function of our supreme court. Colo.

Const. art. VI, § 21; *Gold Star Sausage Co. v. Kempf,* 653 P.2d 397 (Colo.1982).

As pertinent here, the plain language of C.R.C.P. 106(b) provides that plaintiff's complaint "shall be filed in the district court not later than thirty days" after defendant's final decision. If, as here, the provision of the rule under consideration is unambiguous, we must apply the plain meaning rule of statutory construction and construe the rule as written. *Watson v. Fenney,* 800 P.2d 1373 (Colo.App.1990).

Accordingly, we necessarily conclude that delivery of the complaint to prison officials does not constitute a filing in the district court.

Because of our disposition of this issue, it is unnecessary to address plaintiff's remaining contentions.

The judgment is affirmed.

ROTHENBERG and ROY, JJ., concur.