ORDER ACCEPTING MAGISTRATE JUDGE’S RECOMMENDATION
 

 MILLER, District Judge.
 

 This matter is before the Court on the recommendation of United States Magistrate Judge Patricia A. Coan, filed June 16, 1999, to dismiss this petition with prejudice. Petitioner has not filed any objection to the recommendation and is therefore not entitled to
 
 de novo
 
 review.
 
 See
 
 28 U.S.C. § 636(b)(1).
 

 After review of the file, the recommendation issued by Magistrate Judge Coan is ACCEPTED. Accordingly, it is ORDERED:
 

 1. Petitioner’s Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 shall be dismissed with prejudice.
 

 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 

 COAN, United States Magistrate Judge.
 

 This matter is before the court on an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by
 
 pro se
 
 Petitioner James Arlen Childs,
 
 pro se,
 
 on October 6, 1998. An Order of Reference under 28 U.S.C. § 636(b)(1)(A) and (B) referred the Petition to the undersigned magistrate judge on January 8, 1999 to issue a recommendation on disposition. Respondents filed their Answer to
 
 *1144
 
 Order to Show Cause on March 1, 1999. Petitioner filed his Reply to Respondents’ Answer to Order to Show Cause on March 17, 1999. The Petition is ripe for disposition.
 

 I. Background
 

 Petitioner was convicted of second-degree burglary and second-degree sexual assault by a Denver District Court jury in 1987 (Criminal Action No. 86-CR-1247). The trial court imposed a sentence of thirty-two years on the burglary charge and a sentence of sixteen years on the sexual assault charge, to run consecutively. Petitioner appealed his conviction to the Colorado Court of Appeals, asserting that the imposition of unduly lengthy sentences based solely upon the victim’s testimony of the trauma she suffered at the hands of the Petitioner constituted an abuse of the trial court’s sentencing discretion under state law.
 
 [1]
 
 (Respondents’ Ex. N) The Colorado Court of Appeals affirmed the Petitioner’s conviction on October 19, 1987, finding that the trial court did not abuse its discretion in imposing the selected sentences upon the Petitioner based upon the victim’s testimony of the emotional trauma she suffered during the commission of the assault (Case No. 87-CA-0475). (Respondents’ Ex. L) The Court of Appeals further concluded that because Petitioner was on parole at the time the crimes were committed, the trial court correctly imposed sentences in the aggravated range.
 
 (Id.)
 
 Childs then filed a petition for certiorari review which was stricken by the Colorado Supreme Court on September 27, 1990 for failure to comply with C.A.R. 52(b). (Respondents’ Ex. K)
 

 Petitioner filed his first motion for post-conviction relief under Colo.R.Crim.P. 35 (“Rule 35 motion”) in Denver District Court in 1991 (and as supplemented in 1992), asserting that the judgments of conviction for second-degree burglary and second-degree sexual assault violate the double jeopardy prohibitions in the United States Constitution because one offense is a lesser included offense of the other. (Respondents’ Exs. H, p. 1 and 1, p. 2; Petitioner’s Ex. A) Petitioner also asserted that the consecutive sentences imposed upon him violated COLO.REV.STAT. § 18-1-408(3).
 
 (Id.)
 
 The trial court denied Petitioner’s Rule 35 motion without a hearing on April 13,1992, ruling, as a matter of law, that the convictions for second-degree burglary and sexual assault did not violate the prohibition against double jeopardy and that the trial court properly imposed consecutive sentences because the two offenses were not supported by identical evidence. (Petitioner’s Ex. A) The Colorado Court of Appeals affirmed the trial court’s denial of Petitioner’s Rule 35 motion on February 18, 1993 (Case No. 92-CA-902). (Respondents’ Ex. H) The Colorado Supreme Court denied Childs’ petition for certiorari review on August 23,1993. (Respondents’ Ex. G)
 

 Petitioner filed his second Rule 35 motion in the trial court in 1993, which he supplemented in 1995, asserting that the trial court had abused its sentencing discretion and that imposition of consecutive sentences violated Colorado law. (Respondents’ Exs. C, p. 3; F-3). The trial court denied his motion without a hearing on October 31, 1995, on the ground that the consecutive sentences imposed on Petitioner were expressly authorized under Colorado law. (Respondents’ Ex. F-3) Petitioner’s appeal of that denial to the Colorado Court of Appeals was dismissed on May 28, 1996 and the mandate issued June 13, 1996. (Respondents’ Exs. F-l and F-2)
 

 
 *1145
 
 Petitioner filed his third Rule 35 motion in the trial court on May 8, 1997, asserting that the sentences imposed upon him were illegal because the trial court failed to sentence Petitioner based on accurate information, and failed to consider the factors set forth in COLO.REY.STAT. § 18-1 — 105(l)(b) and (9)(a) prior to imposing a sentence in the presumptive range, in violation of Petitioner’s Fourteenth Amendment due process rights. (Respondents’ Ex. E). The trial court summarily denied the motion on the ground that it lacked “any arguable merit.” (Respondents’ Ex. B, p. 4; Petitioner’s Ex. A) The Colorado Court of Appeals affirmed the trial court’s decision on July 23, 1998 in Case No. 97-CA-1013 (Respondents’ Ex. B), finding that Petitioner’s challenge to the imposition of consecutive sentences was procedurally barred because the issue had been raised and decided against Petitioner in earlier Rule 35 motions.
 
 (Id.)
 
 The Court of Appeals also determined that Petitioner’s challenges to his sentence were further attempts to relitigate the issue of whether the trial court had abused its sentencing discretion, an issue which had been raised and decided on Petitioner’s direct appeal.
 
 (Id.)
 
 The Court of Appeals further concluded that Petitioner’s challenge to his sentence was untimely under Colo.R.Crim.P. 35(b).
 
 (Id.)
 

 Petitioner filed his 28 U.S.C. § 2254 petition for habeas corpus relief in this court on October 6, 1998 asserting three claims: (1) the convictions and cumulative sentences for second-degree burglary and second-degree sexual assault violate the double jeopardy provision of the United States Constitution; (2) the consecutive sentences for burglary and assault are “illegal sentences” because consecutive sentencing is not authorized by the state legislature; and (3) the sentences were based on “inaccurate information”, in violation of Petitioner’s Fourteenth Amendment right to due process of law.
 

 Respondents contend that Petitioner’s claims for habeas corpus relief are time-barred, and that Petitioner’s second and third claims are barred from federal habe-as review because Petitioner failed to raise his second claim as a constitutional claim in the state courts and procedurally defaulted his third claim. Alternatively, Respondents argue that all of Petitioner’s claims should be dismissed on the merits.
 

 II Legal Analysis
 

 A.
 
 Procedural grounds for dismissal
 

 1.
 
 Statute of Limitations
 

 Respondents argue that the claims advanced by petitioner are time-barred under the Antiterrorism and Effective Death Penalty Act (“AEDPA”) of 1996, Pub.L. No. 104-132 § 101,110 Stat. 1321 (codified at 28 U.S.C. §§ 2244(d)(l)-(d)(2)). The AEDPA establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). For prisoners whose convictions became final before April 24, 1996, the one-year limitations period commences on April 24, 1996, the effective date of the AEDPA.
 
 Hoggro v. Boone,
 
 150 F.3d 1223, 1225 (10th Cir.1998). The limitations period is tolled while a “properly filed” post-conviction motion is pending in the state courts. 28 U.S.C. § 2244(d)(2). In computing the “elapsed time on [the] limitations clock,” the court subtracts the number of tolled days from the total days elapsed between April 24, 1996 and the date the habeas corpus petition is filed.
 
 Hoggro,
 
 150 F.3d at 1226-27.
 

 Petitioner filed his application for habe-as corpus relief in this court on October 6, 1998. The total elapsed time between April 24, 1996 and October 6, 1998 is 896 days. Thus, the Petition is time-barred unless Petitioner had “properly filed” post-conviction motions pending before the state courts for 531 days. On April 24, 1996, Petitioner’s second post-conviction motion was pending before the Colorado courts. The parties agree that Petitioner’s second post-conviction motion was “properly filed” in the state courts. That mo
 
 *1146
 
 tion was pending, and the AEDPA limitations period tolled, for fifty-one days, from April 24, 1996 through June 13, 1996 (the date the mandate on the dismissal of Petitioner’s appeal issued from the Colorado Court of Appeals).
 

 On May 8,1997, Petitioner filed his third Rule 35 motion in the Denver District Court. (Respondents’ Ex. E) That post-conviction motion was pending until the mandate by the Colorado Court of Appeals denying Petitioner’s appeal issued on August 13, 1998. The parties disagree, however, as to whether Petitioner’s third Rule 35 motion was “properly filed” in the Denver District Court so as to toll the limitations period under 28 U.S.C. § 2244(d)(2).
 

 Legislative history does not shed any light on the intended meaning of “properly filed” as that term is used in 28 U.S.C. § 2244(d)(2).
 
 See
 
 S.Rep. No. 104-179 (1995), reprinted in 1996 U.S.C.C.A.N. 924; H.R.Conf.Rep. No. 104-518 (1996), reprinted in 1996 U.S.C.C.A.N. 944. In
 
 Hoggro,
 
 the Tenth Circuit found that petitioner’s appeal which was dismissed by the state appellate court as untimely was not “properly filed” under § 28 U.S.C. § 2244(d)(2) and therefore did not toll the limitations period; however, the Tenth Circuit has not specifically defined the term “properly filed.” 150 F.3d at 1227, n. 4. The majority of federal courts to address what constitutes a “properly filed” state post-conviction motion have concluded that the term refers to a motion filed in the appropriate court within governing time limits.
 
 See Lovasz v. Vaughn,
 

 [2]
 

 134 F.3d 146, 148 (3rd Cir.1998);
 
 Patterson v. Director, Virginia Dep’t of Corrections,
 
 36 F.Supp.2d 317, 320-21 (E.D.Va.1999);
 
 United States ex. rel. Morgan v. Gilmore,
 
 26 F.Supp.2d 1035, 1040-41 (N.D.Ill.1998);
 
 Hughes v. Irvin,
 
 967 F.Supp. 775, 778-779 (E.D.N.Y. 1997);
 
 Souch v. Harkins,
 
 21 F.Supp.2d 1083, 1086-88 (D.Ariz.1998);
 
 Ellis v. Johnson,
 
 11 F.Supp.2d 695, 697 (N.D.Tex.1998). Those courts agree that consideration of whether the claims raised in the motion are frivolous or are subject to a procedural bar under state law is not relevant to a determination of whether the motion was properly filed, as long as the state court allows for the
 
 filing
 
 of the post-conviction motion.
 
 Lovasz,
 
 134 F.3d at 148-149;
 
 Patterson,
 
 36 F.Supp.2d at 320-21;
 
 Souch,
 
 21 F.Supp.2d at 1087-88;
 
 Ellis,
 
 11 F.Supp.2d at 697;
 
 United States ex. rel. Morgan,
 
 26 F.Supp.2d at 1040-41;
 
 Hughes,
 
 967 F.Supp. at 778-79. A minority of courts have held that the court should review the merits of the post-conviction motion, and, if the motion is frivolous or subject to a state procedural bar, then it is not properly filed for purposes of the AEDPA tolling provision.
 
 See Valentine v. Senkowski,
 
 966 F.Supp. 239, 241 (S.D.N.Y.1997);
 
 Hill v. Keane,
 
 984 F.Supp. 157, 158-59 (E.D.N.Y.1997).
 

 This court finds the majority interpretation more persuasive which holds that “properly filed” means that the state post-conviction motion was filed in accordance with state procedural requirements governing the time and place of filing. The majority view promotes certainty in calculating the limitations period and is grounded in principles of comity. State courts should be afforded an opportunity to consider a petitioner’s claims before those claims are presented to the federal court.
 
 Rose v. Lundy,
 
 455 U.S. 509, 515-16, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). At the time the application is filed in the state district court, there is no way to determine whether a state court will overlook a petitioner’s procedural default and nevertheless reach the merits of his claim. If the state court reaches the merits, the federal habeas court may do so as well.
 
 Coleman v. Thompson,
 
 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
 
 *1147
 
 The minority approach does not take into consideration the possibility that a state court will ignore a procedural bar and reach the merits of a petitioner’s claim. Thus, although consideration of procedurally defaulted post-conviction applications as “timely filed” may allow a petitioner to evade the AEDPA limitations period, this court finds that the majority rule is the correct one.
 

 In the case at bar, there is no dispute that Petitioner filed his third post-conviction motion in the proper court. Respondents argue, however, that the motion is not “properly filed” because it is barred by Colorado’s procedural rule prohibiting successive post-conviction motions which assert the same grounds for relief. Colo. R.Crim.P. 35 states, in pertinent part: “The court need not entertain a second motion or successive motions for similar relief based upon the same or similar allegations on behalf of the same prisoner.” Under the state rule, a prisoner is not absolutely barred from
 
 filing
 
 a successive post-conviction motion; instead, the trial court retains discretion to hear the merits.
 
 [3]
 
 Thus, a successive Rule 35 motion which may be subject to dismissal on state procedural grounds is nevertheless “properly filed” within the meaning of 28 U.S.C. § 2244(d)(2), if filed in the proper court and within governing time limits.
 

 Respondents also argue that Petitioner’s third post-conviction motion was not “properly filed” under state law because it was not filed within the jurisdictional time limits established for challenging the length of a sentence (either on direct appeal or under Colo.R.Crim.P. 35(b)), or within the three-year statute of limitations period established by COLO.REV.STAT. § 16-5-402(1) for collateral attacks on a conviction.
 

 Colo.R.Crim.P. 35(b) allows a trial court to reduce a sentence on a criminal conviction provided that the motion for reduction of sentence is filed within 120 days after the sentence is imposed or within 120 days after an appellate court decision upholding the judgment of conviction or sentence. The time limit imposed by Rule 35(b) is jurisdictional.
 
 See Mamula, v. People,
 
 847 P.2d 1135 (Colo.1993) (holding that once time for direct appeal and for Rule 35(b) motion have expired, court lacks jurisdiction to reexamine the sentence.) COLO.REV.STAT. § 16-5-402(1) precludes a person convicted under a criminal statute from collaterally attacking the validity of the conviction more than three years after the date of conviction. The three-year statute of limitations is not jurisdictional, but is instead a defense which may be waived if not raised by the government in the trial court.
 
 See People v. Shackelford,
 
 851 P.2d 218, 221 (Colo.App. 1992) (“[T]he expiration of the limitation period contained in § 16-5-402(1) was not intended by the General Assembly to divest the trial court of subject matter jurisdiction to consider defendant’s contentions.”) (citing
 
 Moland v. People,
 
 757 P.2d 137, n. 5 (Colo.1988)).
 

 The court is not persuaded that COLO.REV.STAT. § 16-5-402(1) is a bar to the
 
 filing
 
 of Petitioner’s third state post-conviction motion. Petitioner’s judgment of conviction was issued March 11, 1987 and Petitioner filed his third state post-conviction motion on May 6, 1997. The trial court did not dismiss the motion as untimely, but on the ground that it lacked “any arguable merit.” (Petitioner’s
 
 *1148
 
 Ex. A, Respondents’ Ex. B, p. 4). On appeal, the government argued that the three-year statute of limitations barred Petitioner’s claims, but the Colorado Court of Appeals did not address the government’s argument in its opinion, possibly because the defense had been waived in the trial court. (Respondents’ Exs. B, C) The court’s finding that § 16-5^402(1) does not necessarily preclude the
 
 filing
 
 of a late post-conviction motion is further bolstered by Respondents’ concession that Petitioner’s second post-conviction motion, filed six years after the date of Petitioner’s conviction, was “properly filed” for purposes of the AEDPA tolling provision.
 

 The Colorado Court of Appeals affirmed the trial court’s summary denial of Petitioner’s third state post-conviction motion on the ground that the motion was procedurally barred because both claims raised by Petitioner had been fully and finally resolved in an earlier appeal.
 
 People v. Rodriguez,
 
 914 P.2d 230 (Colo.1996). (Respondents’ Ex. B) The Court of Appeals alternatively denied one of Petitioner’s claims as untimely under Rule 35(b).
 
 (Id.)
 
 Accordingly, if the claim denied as untimely was the only claim raised by Petitioner in his third state post-conviction motion, this court would be compelled to find that the motion was not “properly filed” within the meaning of 28 Ü.S.C. § 2244(d)(2). One of the claims raised by Petitioner in his third state post-conviction motion was not dismissed as time-barred, however. The court thus finds that Petitioner’s third motion for post-conviction relief, filed in the Denver District Court on May 8, 1997, was “properly filed” under Colorado law and tolled the running of the one-year AEDPA limitations period while the motion was pending before the state district court and Court of Appeals. The Court of Appeals’ mandate denying the appeal issued on August 13,1998. Thus, the limitations period was tolled for 463 days while Petitioner’s third post-conviction motion was pending before the state courts. The court’s calculations indicate that subtracting a total of 514 tolled days (while the second and third post-conviction applications were pending) from the 896 days which elapsed between April 24, 1996 and October 6, 1998 (the day Petitioner filed the instant § 2254 petition) equals a total of 382 days which elapsed on the AEDPA limitations clock before Petitioner sought federal habeas corpus relief. The Petitioner’s habeas claims are therefore time-barred unless he is entitled to any additional tolling periods.
 

 Respondents note that the prison mailbox rule may apply to allow Petitioner an earlier filing date for his § 2254 Petition and third state post-conviction motion. In
 
 Hoggro,
 
 the Tenth Circuit applied the prison mailbox rule enunciated in
 
 Houston v. Lack,
 
 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988),
 
 [4]
 
 and found that a prisoner’s habeas petition which was placed in the prison mail system on a certain date would be deemed filed in the federal district court that same date.
 
 Hoggro,
 
 150 F.3d at 1226, n. 3. Petitioner’s application for habeas corpus relief is dated September 21, 1998, fifteen days earlier than the date the Petition was filed with the Clerk of the United States District Court; however, it is not clear from the record before the court whether that is the date that Petitioner mailed the Petition from the prison. Petitioner does not offer any additional information in his Reply to Respondents’ Answer to Show Cause Order. Petitioner’s third state post-conviction motion bears a certificate of mailing date of April 23, 1997, fifteen days earlier than the date that motion was filed with the Clerk of the Denver District Court. It is unclear whether the Colorado state courts would apply the prison mailbox rule to a post conviction motion.
 
 [5]
 
 Assuming, however,
 
 *1149
 
 that the prison mailbox rule applies to state post-conviction motions, Petitioner would be entitled to an additional fifteen days of tolling if he could show that his third state application for post-conviction relief was placed in the prison mail system on April 23,1997.
 

 The court finds that evidence of a certificate of mailing date is probably sufficient to allow Petitioner to claim a April 23,1997 filing date for his third state post-conviction motion. The record is devoid of any information as to what date Petitioner handed his § 2254 Petition to prison authorities for mailing; thus, Petitioner has not sufficiently demonstrated that he is entitled to claim an earlier filing date for his habeas corpus petition under the prison mailbox rule. Because Petitioner would be entitled to claim, at most, an additional fifteen days of tolling (based on an April 23, 1997 filing date for his third state post-conviction application), the additional tolling period is not enough to save the instant Petition from being time-barred under 28 U.S.C. § 2244(d).
 

 The court further finds that even if the Petition is not time barred under AEDPA, it is subject to dismissal on the other grounds advanced by Respondents. The court will address those arguments in the alternative.
 

 2.
 
 Other Procedural Defenses
 

 Respondents correctly argue that Petitioner’s second claim for relief is subject to dismissal because that claim was not presented as a constitutional claim to the state courts and is not presented as a constitutional claim in this court. Petitioner’s second claim asserts that the trial court unlawfully imposed consecutive sentences upon him because consecutive sentencing is not authorized by the Colorado legislature. Allegations of error under state law are not cognizable on a petition lor habeas corpus relief.
 
 Matthews v. Price,
 
 83 F.3d 328, 330-331 (10th Cir.1996) (internal citations omitted). Further, a federal habeas court only has jurisdiction over a state prisoner’s claims which have been exhausted in the state courts as constitutional claims.
 
 Duncan v. Henry,
 
 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Accordingly, Petitioner’s second claim for relief fails to state a claim upon which a writ of habeas corpus can issue and should be dismissed.
 

 Respondents argue that Petitioner pro-eedurally defaulted his third claim in the state courts because he did not assert the claim as a constitutional claim on direct appeal of his conviction and, although he framed the claim as a constitutional claim in a subsequent Rule 35 motion, the state courts denied his request for relief on the ground that the substance of the claim had been fully decided on a prior appeal.
 

 A claim is procedurally defaulted, and federal habeas review barred if the state courts do not address the merits of the constitutional claim, but instead dismiss the claim on a substantive or procedural state law ground “that is independent of the federal question and adequate to support the judgment.”
 
 Coleman v. Thompson,
 
 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
 
 [6]
 
 “
 

 
 *1150
 
 Petitioner first presented the substance of his Fourteenth Amendment claim to the Colorado courts on direct appeal of his conviction, asserting that the trial court had abused its sentencing discretion under Colorado law. (Respondents’ Ex. N) Petitioner did not present the claim as a constitutional claim, however. The Court of Appeals denied the appeal on the merits. (Respondents’ Ex. L) Petitioner subsequently filed a post-conviction motion asserting that the trial court’s failure to sentence him on the basis of “accurate information” violated his Fourteenth Amendment due process rights. (Respondents’ Ex. E) On appeal, the Court of Appeals did not reach the merits of the Fourteenth Amendment claim, but instead denied the appeal on the ground that the substance of the claim had already been decided on direct appeal and was therefore precluded from further review under
 
 People v. Rodriguez,
 
 914 P.2d 230, 249 (Colo.1996) (stating that defendant cannot use a post conviction proceeding to reliti-gate matters fully and finally resolved in an earlier appeal). (Respondents’ Ex. B) The Court of Appeals also determined that Petitioner’s claim was time-barred under Rule 35(b).
 
 (Id.)
 

 Petitioner’s failure to present his Fourteenth Amendment claim to the state courts in the manner prescribed by state law constitutes a procedural default. Petitioner is not entitled to federal habeas review of the merits of his claim unless he can demonstrate cause for the default and resulting prejudice, or, that the dismissal of his federal habeas petition would result in a fundamental miscarriage of justice.
 
 Coleman,
 
 501 U.S. at 749-50, 111 S.Ct. 2546. To show cause, Petitioner must demonstrate “that some objective factor external to the defense impeded [his] efforts to comply with the State’s procedural rule.”
 
 Ballinger v. Kerby,
 
 3 F.3d 1371, 1375 (10th Cir.1993) (quoting
 
 Murray v. Carrier,
 
 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Petitioner was granted leave to file a traverse or other reply in response to the procedural defenses raised in Respondents’ Answer to Show Cause Order. Petitioner does not offer any explanation for his procedural default. Absent an adequate showing of cause for a procedural default, the court need not reach the issue of prejudice. Alternatively, this court would reach the merits of Petitioner’s Fourteenth Amendment claim, despite his procedural default in the state courts, if Petitioner demonstrates that a fundamental miscarriage of justice will result if the court does not review the merits. The fundamental miscarriage of justice exception applies only in those extraordinary instances “where a constitutional violation has probably resulted in the conviction of one who is actually innocent.”
 
 Murray,
 
 477 U.S. at 496, 106 S.Ct. 2639;
 
 Gilbert v. Scott,
 
 941 F.2d 1065, 1068, n. 1 (10th Cir.1991). Again, however, Petitioner has not alleged facts which would bring him within that narrow exception. The court therefore recommends that Petitioner’s third claim be dismissed because of Petitioner’s procedural default of that claim in the state courts.
 

 B.
 
 Merits of Petitioner’s First Claim
 

 Respondents concede that Petitioner has properly exhausted state court remedies with respect to his claim that his convictions and cumulative sentences for second-degree burglary and second-degree assault violate the Fifth Amendment’s prohibition against double jeopardy because one offense is a lesser included offense of the other.
 

 Under 28 U.S.C. § 2254(d), a prisoner in custody pursuant to the judgment of a state court shall not be granted habeas corpus relief with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim:
 

 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
 

 
 *1151
 
 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
 

 The Double Jeopardy Clause prohibits a defendant from being “punished twice for the ‘same offense’ ” absent legislative authorization.
 
 Rutledge v. United States,
 
 517 U.S. 292, 297, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996);
 
 Missouri v. Hunter,
 
 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) (holding that “the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended”). The court must first determine whether the multiple convictions at issue were imposed for the “same offense.”
 
 [7]
 
 The term “same offense” encompasses an offense which is a lesser included offense of another.
 
 Rutledge,
 
 517 U.S. at 297, 116 S.Ct. 1241. If “the same act or transaction constitutes a violation of two distinct statutoiy provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.”
 
 Rutledge,
 
 517 U.S. at 297, 116 S.Ct. 1241 (quoting
 
 Blockburger v. United States,
 
 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).
 

 The elements of second-degree burglary (a class 3 felony) are (a) knowingly (b) breaking an entrance into or entering or remaining unlawfully (c) in a dwelling (d) with intent to commit therein a crime against person or property. COLO. REY.STAT. § 18-4-203. The elements of second-degree sexual assault (a class 4 felony) are (a) knowingly (b) inflicting sexual intrusion or sexual penetration, and (c) causing the submission of the victim by means of sufficient consequence reasonably calculated to cause submission against the victim’s will. COLO.REV.STAT. § 18-3-403.
 

 The Colorado Court of Appeals concluded that second-degree burglary and second-degree sexual assault are not the “same offense” for purposes of the prohibition against double jeopardy because the elements of the two offenses are different (Respondents’ Ex. H, p. 1).
 
 See, also, People v. Tivis,
 
 727 P.2d 392, 394 (Colo. App.1986) (holding that offenses of sexual assault and burglary were separately punishable even if the offenses arose out of the same criminal episode). Federal courts are bound to “defer to a state court’s interpretation of state law in determining whether an incident constitutes one offense or more than one offense for double jeopardy purposes.”
 
 Thomas v. Kerby,
 
 44 F.3d 884, 887 (10th Cir.1995) (internal citation omitted).
 

 The Colorado Court of Appeals’ determination that second-degree burglary and second-degree sexual assault are not the “same offense” for double jeopardy purposes is consistent with governing United States Supreme Court case law. Petitioner is not entitled to a writ of habeas corpus on his Fifth Amendment double jeopardy claim.
 

 III. Recommendation
 

 For the reasons set forth above, it is
 

 RECOMMENDED that James Arlen Childs’ Application for a Writ of Habeas Corpus Pursuant to 28 U.S.G. § 2254 be DISMISSED WITH PREJUDICE.
 

 Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is
 
 *1152
 
 made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.
 

 Failure to make timely objections to the magistrate judge’s recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.
 

 June 16,1999.
 

 [1]
 

 . Petitioner also asserted on direct appeal that his conviction for first degree sexual assault, as reflected in the Mittimus, should be reversed because he was not tried or found guilty of that crime. (Respondents' Ex. N) The Court of Appeals determined that the sexual assault conviction was incorrectly recorded on the Mittimus as first degree sexual assault and directed that the clerical error be corrected. (Respondents' Ex. L) The Court of Appeals concluded that the error was not a substantive one.
 
 (Id.)
 

 [2]
 

 . Lovasz
 
 was cited with approval in
 
 Kiel v. Scott,
 
 1999 WL 76910 (10th Cir.(Okl.)) (affirming district court’s dismissal of § 2254 petition as time-barred and finding that an untimely appeal filed in the state court was not "properly filed” within the meaning of 28 U.S.C. § 2244(d)(2)).
 

 [3]
 

 . This point is illustrated by Colorado case law interpreting Colo.R.Crim.P. 35. Colorado generally requires a prisoner to bring all of his constitutional claims in a single Rule 35(b) motion.
 
 People v. Hubbard,
 
 184 Colo. 243, 519 P.2d 945, 948 (1974). The trial court may not summarily dismiss a second or successive Rule 35(b) motion, however, if the prisoner’s failure to raise all of his constitutional claims in the first post-conviction motion was excusable.
 
 Id.
 
 Further, a successive Rule 35 motion will not be procedurally barred in the trial court if the prisoner's claim was not fully and finally litigated in the prior post-conviction proceeding (i.e., the Court of Appeals did not rule on the merits of the claim).
 
 People v. Billips,
 
 652 P.2d 1060, 1063-64 (Colo. 1982).
 

 [4]
 

 . In
 
 Houston,
 
 the United States Supreme Court held that a
 
 pro se
 
 prisoner’s notice of appeal is "filed” when he "delivers such notice to the prison authorities for forwarding to the clerk of the District Court.” 487 U.S. at 270, 108 S.Ct. 2379.
 

 [5]
 

 . The court’s research of Colorado appellate opinions discloses that the applicability of the
 
 *1149
 
 prison mailbox rule to motions or appeals filed by prisoners in the state courts has been addressed only in the context ol a
 
 pro se
 
 prisoner's complaint seeking review of a quasi-judicial action under Colo.R.Civ.P. 106(a)(4).
 
 Talley v. Diesslin,
 
 908 P.2d 1173 (Colo.App.1995),
 
 cert. den.
 
 (1996). The
 
 Talley
 
 court rejected the applicability of the prison mailbox rule to the filing of Rule 106(a)(4) action on the ground that the 30-day filing period set forth in Rule 106(b) was unambiguous and must be strictly enforced.
 
 Id.
 
 at 1175. The
 
 Talley
 
 court also noted that the 30-day filing period was jurisdictional.
 
 Id.
 
 at 1174-75.
 

 [6]
 

 . A state court’s finding is "adequate” if the procedural rule is applied in an even-handed manner; a state court finding is "independent” if it is “separate and distinct from federal law.”
 
 Klein v. Neal,
 
 45 F.3d 1395, 1397 (10th Cir.199.5) (quoting
 
 Brecheen
 
 v.
 
 Reynolds,
 
 41 F.3d 1343, 1353 (10th Cir.1994) (internal citations omitted)).
 

 [7]
 

 . Even if the offenses are the same, cumulative sentencing will not violate double jeopardy if the multiple sentences are expressly authorized by the legislature.
 
 Missouri,
 
 459 U.S. at 367, 103 S.Ct. 673.